UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

CIVIL MINUTES -- GENERAL

Case No.    **CV 12-6280-JFW (FMOx)**                                    Date:  August 16, 2012

Title:    Yvonne Mejia -v- Target Corporation, et al.

**PRESENT:**

      HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

    **Shannon Reilly**                                                  **None Present**
    Courtroom Deputy                                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                                          None

**PROCEEDINGS (IN CHAMBERS):**       ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT

      On March 8, 2012, Plaintiff Yvonne Mejia ("Plaintiff") filed a Complaint against Defendants Target Corporation and Ernesto Luna in Los Angeles County Superior Court.  On June 26, 2012, Plaintiff filed a Request for Dismissal as to Defendant Ernesto Luna.  On July 20, 2012, Defendant Target Corporation ("Target") filed a Notice of Removal From the Superior Court of California for the County of Los Angeles ("Notice of Removal"), alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

      Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the party invoking federal jurisdiction, Target bears the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

      Federal jurisdiction founded on Section 1332(a) requires that the parties be in complete diversity and the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.   When, as in this case, "the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [$75,000]." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also*  28 U.S.C. §

Initials of Deputy Clerk   sr

1446(c)(2). "The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and may 'require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Id.* at 377 (quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335-36 (5th Cir. 1995)); *see also Valdez v. Allstate Ins. Co.* 372 F.3d 1115, 1117 (9th Cir. 2004) ("Since it [was] not facially evident from the complaint that more than $75,000 [was] in controversy, Allstate should have prove[n], by a preponderance of the evidence, that the amount in controversy [met] the jurisdictional threshold.") (internal quotation omitted). "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

Target contends that the amount in controversy exceeds $75,000, citing the allegations of Plaintiff's Complaint in which she seeks damages for lost wages and emotional distress, attorney's fees, and punitive damages. However, according to Target's own calculations, Plaintiff's lost wages claim amounts to only $4,525.20, well below the jurisdictional minimum. For the remainder of the amount in controversy, Target merely speculates as to the amounts Plaintiff would recover for her emotional distress, attorney's fees, and punitive damages. *See Conrad Assocs. v. Hartford Acc. & Indem. Co.*, 994 F.Supp. 1196, 1199 (N.D. Cal. 1998) (holding that defendants could not meet the burden of demonstrating the amount in controversy "simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim could total a large sum of money."); *see also Gordon v. Allstate Insurance Co.*, 2010 WL 1949164 (D. Ariz. May 13, 2010) (holding that "while verdicts in similar cases can be probative, they are not determinative; Defendants must point to facts that would support a $75,000 or higher punitive damage award in this case.").

Therefore, Target's conclusory allegations in this case do not prove by a preponderance of the evidence that the jurisdictional amount is satisfied. *See, e.g., Alvarez v. Limited Express, LLC,* 2007 WL 2317125, at *4 (S.D. Cal. Aug. 8, 2007) (remanding where defendant "chose not to provide the underlying facts and instead relied on a speculative, conjectural estimate from plaintiff's motion papers"); *see also Lowdermilk v. United States Bank National Association*, 479 F.3d 994, 1002 (9th Cir. 2007) (holding that a court cannot base its jurisdiction on speculation and conjecture). Accordingly, Target has failed to meet its burden of demonstrating that the amount in controversy exceeds $75,000.

Accordingly, this action is **REMANDED** to Los Angeles County Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

Initials of Deputy Clerk  sr